IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARLENE EVANS, on behalf of herself and all others similarly situated, | ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC, | ) ) ) | COLLECTIVE CERTIFICATION SOUGHT |
| Defendant. | ) ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Marlene Evans ("Plaintiff" or "Evans"), on behalf of herself and all others similarly situated, and files this lawsuit against Defendant Quest Diagnostics Clinical Laboratories, Inc, ("Defendant" or "Quest"), and shows the following:

### I.      Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.  Plaintiff brings this action as the representative party for all similarly situated employees of Quest Diagnostics Clinical Laboratories, Inc. As to Count I, Plaintiff brings this action as the

representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff and similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Quest Diagnostics Clinical Laboratories, Inc is a New Jersey corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from January 1, 1985 to March 11, 2013.

7.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

During the last three years, Plaintiff was employed by Defendant as a non-exempt Customer Service Representative paid on an hourly basis.

9.

During the last three years, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for all hours worked over (40) in such weeks.

10.

Defendant Quest Diagnostics Clinical Laboratories, Inc is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

11.

During the last three years, Defendant suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

12.

During the last three years, Defendant maintained a policy of requiring Plaintiff to work off the clock.

13.

During the last three years, while employed by Defendant as a Customer Service Representative, Plaintiff's supervisor directed Plaintiff to clock-out and continue working.

14.

During the last three years, while employed by Defendant as a Customer Service Representative, Plaintiff regularly worked in excess of (40) hours in given workweeks and was not paid the overtime wage differential.

15.

Quest Diagnostics Clinical Laboratories, Inc is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

16.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

17.

During the last three years, while employed as a Customer Service Representative, Plaintiff's primary duty was customer service, e.g. answering phone calls and responding to customer inquiries.

## IV.    Collective Action Allegations

18.

Plaintiff brings Count I of this Complaint on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who currently or formerly have been employed by Defendant as "Customer Service Representatives" at Defendant's office located at 1777 Montreal Circle, Tucker, Georgia 30084, during the last

three (3) years, and whose primary job duty includes customer service, e.g. answering phone calls and responding to customer inquiries.

19.

During the last three years, Plaintiff and the Collective Class routinely worked in excess of (40) hours per workweek without receiving overtime compensation for hours they worked over 40 hours in given work weeks while performing the duties of Customer Service Representatives.

20.

During the last three years, Defendant was aware that Plaintiff and the Collective Class were working in excess of 40 hours in given workweeks without receiving overtime compensation.

21.

During the last three years, Defendant maintained a policy of requiring Plaintiff and members of the Collective Class to work off the clock in excess of 40 hours in given workweeks without receiving overtime compensation.

22.

During the last three years, Defendant failed to keep accurate time records for all hours worked by Plaintiff and the Collective Class.

23.

During the last three years, the primary duty of Plaintiff and the Collective

Class was the performance of non-exempt work, specifically customer service

tasks, e.g. answering phone calls and responding to customer inquiries.

24.

During the last three years, Defendant paid Plaintiff and the Collective Class

on an hourly basis, and failed to pay the employees overtime compensation for

hours worked in excess of 40 in given workweeks.

25.

During the last three years, while being paid on an hourly basis, Plaintiff and

the Collective Class regularly worked in excess of 40 hours in given work weeks,

without receiving overtime compensation for hours worked in excess of 40 hours

in such weeks.

26.

Plaintiff and the Collective Class are entitled to overtime pay for the hours

they worked over (40) in given workweeks. Defendant's practices violate the

provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29

U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff and the

Collective Class have suffered lost wages.

## Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act (Plaintiff and the Collective Class)

27.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

28.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and the Collective Class worked in excess of (40) hours in given workweeks.

29.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

30.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than (40) hours per week without overtime compensation.

31.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

32.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

33.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

34.

Plaintiff and the Collective Class were subject to the same unlawful policy of Defendant, i.e. Defendant requiring Plaintiff and the Collective Class to work off the clock in excess of 40 hours in given workweeks without being overtime compensation.

35.

Defendant's violations of the FLSA were willful and in bad faith.

36.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff and the Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D)     Grant conditional certification and provide notice of this action to all

similarly situated individuals;

(E)     Grant Plaintiff leave to add additional state law claims if necessary;

and

(F)     Award Plaintiff such further and additional relief as may be just and

appropriate.

This 19th day of April, 2013.

**BARRETT & FARAHANY, LLP**


/s/ V. Severin Roberts
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin F. Barrett
Georgia Bar No. 039586
V. Severin Roberts
Georgia Bar No. 940504
Attorneys for Plaintiff Marlene Evans



1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile